IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Case No. 3:23-cv-00006-L-BT |
| | § | |
| JOHN DEE STACEY, EMMA | § | |
| MARIE STANLEY, ARTS | § | |
| INVESTMENTS, LLC, JAMES | § | |
| KENT MACKINLAY, as trustee of | § | |
| THE RUBY 2015 REVOCABLE | § | |
| LIVING TRUST, SHIRLEY FEY | § | |
| STACEY COMANS, DALLAS | § | |
| COUNTY, TEXAS, and MARICOPA | § | |
| COUNTY, ARIZONA, | § | |
| | § | |
| Defendants. | § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

The United States of America brings this civil action against Defendant John

Dee Stacey and others pursuant to 26 U.S.C. §§ 7401 and 7403. *See* Compl. (ECF

No. 1). By its lawsuit, the United States seeks to reduce to judgment federal income

(Form 1040) taxes and to enforce federal tax liens against certain real properties

in which Stacey has an interest—either directly or through entities which are his

alter egos or nominees. *Id.* at 1. The United States named attorney James Kent

MacKinlay, in his capacity as the trustee of The Ruby 2015 Revocable Living Trust

(the "Ruby Trust"), as a defendant. *Id.* ¶ 6. The Ruby Trust allegedly holds title to

one of the subject properties, which is located in Mesa, Arizona (the "Arizona

Property"). Compl. ¶ 6. In response to the government's complaint, MacKinlay filed a *pro se* Motion to Dismiss (ECF No. 10) under Federal Rule of Civil Procedure 12(b)(6), in which he argues that the United States must dismiss him from the lawsuit because he purportedly resigned as trustee of the Ruby Trust in 2019. Mot. Dismiss 3. MacKinlay also submitted evidence in support of his motion and asks the Court to convert his motion to a motion for summary judgment under Rule 56 and dismiss him from the lawsuit. Mot. Dismiss 2. For the following reasons, the Court should DENY MacKinlay's Rule 12(b)(6) motion.

## Background

In the original complaint, the United States alleges that Stacey and his ex-wife, Defendant Emma Marie Stanley, purchased the Arizona property in 2000. Compl. ¶ 14. In 2009, a federal jury in the U.S. District Court for the District of Arizona found Stacey guilty of felony criminal tax evasion and fraudulent use of a social security number, and, in 2010, the Arizona federal court sentenced Stacey to 77 months incarceration and ordered him to pay more than $1.5 million in restitution. *Id.* ¶ 16; *see United States of America v. John D. Stacey*, No. CR 08-00720-001-PHX-NVW, U.S. District Court, District of Arizona. Stacey and Stanley divorced in 2011. *Id.* ¶ 17.

In 2014, the United States filed a civil tax suit against Stacey in Arizona federal court seeking to reduce to judgment Stacey's federal income (Form 1040) tax liabilities for the years 1995, 1996, and 1997, and to enforce federal tax and criminal restitution liens on the Arizona Property—which Stacey owned with

Stanley at the time. *Id.* ¶ 19. The next year, a federal magistrate judge ordered the sale of the Arizona Property to non-party Joseph Russell "free and clear" of Stacey and Stanley's interest and the IRS liens. *Id.* ¶ 20. Stacey and Stanley signed a warranty deed, dated October 13, 2015, conveying the Arizona property to Russell. *Id.* ¶ 18. However, through a second warranty deed dated December 18, 2015, Russell, individually and as trustee of The 2255 North Val Vista Revocable Living Trust (the "Val Vista Trust"), conveyed the Arizona Property to Defendant MacKinlay, as trustee of the Ruby Trust. *Id.* ¶ 29. The second deed identified the beneficiaries of the Val Vista Trust as Russell and Defendant Shirley Comans, Stacey's mother. *Id.* The deed also identified the beneficiary of the Ruby Trust as "Shirley Stacey, aka Shirley Comans." *Id.*

The United States alleges that the Ruby Trust is a "sham trust which does nothing but assist Stacey in hiding the Arizona Property from the Internal Revenue Service." *Id.* ¶ 37. According to the government, the Ruby Trust is a nominee of Stacey, and Stacey is the true owner of the Arizona Property. *Id.* ¶ 30. Further, the government contends, as a result of Stacey's refusal or failure to pay his tax liabilities, federal tax liens arose on the dates of the assessments and attached to all property and rights to property belonging to Stacey, including the Arizona Property. *Id.* ¶ 39.

The United States received $151,799.29 from the proceeds of the sale of the Arizona Property, which was applied to the balance due on the Arizona judgment. *Id.* ¶ 22. This distribution fully satisfied Stacey's 1996 income tax debt. *Id.* But, as

of October 1, 2022, Stacey still owes to the United States almost $230,000 on the Arizona judgment, *id.*, and allegedly more than $3.2 million in income tax liabilities for tax years 1998–2003, 2008, and 2012. Id. ¶ 26.

The United States filed and served the present lawsuit in January 2023. *See Id.* Stacey and several other defendants, including Stanley and Comans, filed answers denying the government's allegations. Ans. (ECF Nos. 8, 25, 28, 34, 35, 37). Regarding the Ruby Trust, Stacey and Comans specifically denied that MacKinlay was the trustee of the Ruby Trust. Stacey Ans. 2 (ECF No. 34). And, although Comans admitted that MacKinlay was the original trustee of the Ruby Trust, she alleged that he "issued his written notice of resignation as trustee of the Ruby Trust in January 2022." Comans Ans. 2 (ECF No. 28). Neither Stacey nor Comans identified any successor trustee for the Ruby Trust.

MacKinlay, proceeding *pro se*, responded to the government's complaint by filing a Motion to Dismiss under Rule 12(b)(6). According to MacKinlay, the United States must dismiss him from the lawsuit because he purportedly resigned as trustee of the Ruby Trust in 2019. Mot. Dismiss 3. MacKinlay also submitted evidence in support of his motion, and he asks the Court to convert his Rule 12(b)(6) motion to a summary judgment motion under Rule 56 and consider the evidence. *Id.* at 2.

The United States urges the Court to deny MacKinlay's motion because the complaint states a cause of action against the Ruby Trust, and the Trust can only be sued in the name of its trustee. Resp. 2. The United States alleged MacKinlay is

the trustee of the Ruby Trust; it never alleged that MacKinlay resigned. *Id.* MacKinlay can only claim that he resigned as trustee using materials outside the pleadings. *Id.* at 1. Because the Court must accept the well-pleaded facts in the complaint as true, the Court should deny MacKinlay's motion to dismiss. *Id.* The United States further argues that if the Court converts MacKinlay's motion to one for summary judgment, it should defer ruling on the motion under Rule 56(d) and afford the government an opportunity for discovery to obtain information regarding MacKinlay's independence as a trustee, the alleged sham nature of the Ruby Trust, Stacey's involvement with the Trust, and the timeline of MacKinlay's purported resignation. *Id.* at 2. The United States asks the Court not to dismiss any claims against MacKinlay until a new trustee has been formally appointed and substituted, and MacKinlay is ordered to turn over to the new trustee and to the United States all documents pertaining to the Trust before his dismissal is effective. *Id.* at 2.

After the parties fully-briefed the motion to dismiss, MacKinlay sought leave to file a surreply (ECF No. 45) and submit additional evidence "to apprise the Court of recent developments"—specifically, that Comans had recently appointed herself as successor trustee of the Ruby Trust and that MacKinlay turned over his file concerning the Ruby Trust to Comans's counsel. *See* Sur-reply (ECF No. 46). Also, Comans filed a motion (ECF No. 59)—and an amended motion (ECF No. 61)— under Rule 25 to substitute Comans as the party-defendant in place of MacKinlay. Comans asserts that she exercised her authority under the original Trust

Agreement and signed the First Amendment to the Ruby Trust on April 18, 2023, in which she memorialized her appointment and legal status as the successor Trustee of the Ruby Trust. Am. Mot. Sub. 4. The United States has not yet had an opportunity to respond to Comans's Rule 25 motion.

### Preliminary Matters

On July 20, the magistrate judge held a Rule 16 pretrial conference to address the preservation of judicial resources and to facilitate the prompt and efficient disposition of the various pending motions. *See* Elec. Min. Entry (ECF No. 62). MacKinlay, the government's counsel, and Comans's counsel participated in the conference, as ordered. *Id.* Counsel for John Stacey was not required to participate and did not do so. *See* Order Set. Rule 16 Status Conf 3 (ECF No. 58).

During the conference, MacKinlay agreed that Comans's Rule 25 motion is the appropriate procedural vehicle to determine whether Comans properly appointed herself as successor trustee of the Ruby Trust. He further agreed that— in view of Comans's pending motion—his motion for leave to file a surreply is moot and orally withdrew that motion. Accordingly, the Court TERMINATES MacKinlay's Motion for Leave to File a Surreply (ECF No. 45).

The government's counsel urged—and Comans's counsel and MacKinlay agreed—that the United States should be afforded a full opportunity to respond to Comans's request to substitute Comans as the party-defendant in place of MacKinlay. To avoid any confusion regarding briefing deadlines, the Court TERMINATES Comans's first Motion to Substitute (ECF No. 59). The

government's response to Comans's amended Motion to Substitute (ECF No. 61), filed on July 19, 2023, is due **on or before August 9, 2023**. N.D. Tex. L. Civ. R. 7.1(e) ("A response and brief to an opposed motion must be filed within 21 days from the date the motion is filed."). Comans may file a reply brief within 14 days from the date the United States files its response. N.D. Tex. L. Civ. R. 7.1(f).

### MacKinlay's Rule 12(b)(6) Motion

### Legal Standards

When deciding a 12(b)(6) motion for failure to state a claim, the court "accepts all well-pleaded facts as true, viewing them in the light most favorable to the plaintiff." *In re Katrina Canal Breaches Litig.*, 495 F.3d 191, 205 (5th Cir. 2007) (internal quotation marks and citations omitted). To survive a Rule 12(b)(6) motion, therefore, a plaintiff's complaint must contain sufficient factual matter to state a claim for relief that is plausible on its face. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "To be plausible, the complaint's '[f]actual allegations must be enough to raise a right to relief above the speculative level.'" *In re Great Lakes Dredge & Dock Co.*, 624 F.3d 201, 210 (5th Cir. 2010) (quoting *Twombly*, 550 U.S. at 555).

This pleading standard does not require "'detailed factual allegations,'" but it does demand more than an unadorned accusation devoid of factual support. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 555). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw a reasonable inference that the defendant is liable for the

misconduct alleged." *Id.* at 678 (citing *Twombly,* 550 U.S. at 556). "[A] formulaic recitation of the elements of a cause of action will not do." *Twombly,* 550 U.S. at 555 (citing *Papasan v. Allain,* 478 U.S. 265, 286 (1986)). "While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations." *Iqbal,* 556 U.S. at 679. Where the facts do not permit the Court to infer more than the mere possibility of misconduct, the complaint has stopped short of showing that the plaintiff is plausibly entitled to relief. *Id.* at 678 (citing *Twombly,* 550 U.S. at 557).

In deciding a Rule 12(b)(6) motion, a court may not look beyond the pleadings. *Spivey v. Robertson,* 197 F.3d 772, 774 (5th Cir. 1999). However, the pleadings, for the purpose of determining a Rule 12(b)(6) motion, include documents attached to the pleadings and to the motion to dismiss so long as they "are referred to in the plaintiff's complaint and are central to [his] claim." *Causey v. Sewell Cadillac-Chevrolet, Inc.,* 394 F.3d 285, 288 (5th Cir. 2004) (citing *Collins v. Morgan Stanley Dean Witter,* 224 F.3d 496, 498–99 (5th Cir. 2000)).

"If, on a motion under Rule 12(b)(6) or 12(c), matters outside the pleadings are presented to and not excluded by the court, the motion must be treated as one for summary judgment under Rule 56." Fed. R. Civ. Pro. 12(d). When a party presents "matters outside the pleadings" with a Rule 12(b)(6) motion to dismiss, the Court has "complete discretion" to either accept or exclude the evidence for purposes of determining the motion. *Isquith ex rel. Isquith v. Middle S. Utils., Inc.,* 847 F.2d 186, 196 n.3 (5th Cir. 1988); *accord Gen. Retail Servs., Inc. v. Wireless*

*Toyz Franchise*, LLC, 255 F. App'x 775, 783 (5th Cir. 2007). A court exercises this discretion by determining whether the proffered material—and the resulting conversion from the Rule 12(b)(6) to the Rule 56 procedure—is likely to facilitate disposition of the action. *Isquith*, 847 F.2d at 193 n.3.

## Analysis

As a threshold matter, the Court should exclude MacKinlay's evidence and other matters outside the pleadings and decline to exercise its discretion to convert MacKinlay's Rule 12(b)(6) motion to one for summary judgment. MacKinlay submitted evidence of his purported resignation as trustee of the Ruby Trust with his motion to dismiss. But the United States urges the Court not to consider this evidence—at least not until it has had an opportunity to conduct discovery regarding the timeline of MacKinlay's purported resignation and whether anyone has been formally substituted as the successor trustee.[1] When documents outside the pleadings have been submitted in connection with a motion to dismiss and discovery would be appropriate to resolve the issues raised in that motion, it is appropriate to allow discovery before converting the motion into one for summary

---

[1] During the July 20 conference, MacKinlay withdrew his motion for leave to file a surreply and the evidence that purportedly shows Comans is the current trustee of the Ruby Trust. Thus, that evidence is not part of the record the Court may consider in disposing of the instant motion. However, it is part of the record before the Court on Comans's Rule 25 motion. And the parties agree the Rule 25 motion is the appropriate procedural vehicle to determine whether Comans should be substituted for MacKinlay as the party-defendant. The Court also notes that the parties have until August 21, 2023 to file motions to request joinder of additional parties and amend their pleadings. Sched. Ord. 2 (ECF No. 53).

judgment. *See Benchmark Elecs., Inc. v. J.M. Huber Corp.*, 343 F.3d 719, 725 (5th Cir. 2003) ("[T]he district court erred by treating [Defendant]'s motion for judgment on the pleadings as a motion for summary judgment without providing [Plaintiff] an opportunity to conduct discovery."), *modified on denial of rehearing on other grounds*, 355 F.3d 356 (5th Cir. 2003). Here, the determination of whether MacKinlay—or someone else—is the trustee of the Ruby Trust is a fact-intensive determination, and the parties should be afforded a fair opportunity to conduct discovery before the Court considers that issue in the summary judgment context. Thus, the Court should exclude materials outside the pleadings and decline to convert MacKinlay's motion to dismiss into a motion for summary judgment.

Turning to the merits of MacKinlay's motion to dismiss, the Court must accept the government's well-pleaded facts as true. The United States has pleaded that the Ruby Trust is a sham trust, established and controlled by Stacey, which holds title to the Arizona Property. *See* Compl. ¶ 6. "[T]rusts devoid of economic substance are considered 'sham trusts' and are disregarded for federal tax purposes." *United States v. McMahan*, 2008 WL 5114651, at *5 (S.D. Tex. Dec. 3, 2008). The United States seeks a determination that the Ruby Trust is a nominee of Stacey. *See* Compl. ¶ 39. Property held by a taxpayer's nominee or alter ego can be subjected to a federal tax lien. *See G.M. Leasing Corp. v. United States*, 429 U.S. 338, 350–51 (1977). However, under Texas law, a trust is not a "separate legal

entity."[2] *Hollis v. Lynch*, 827 F.3d 436, 443 (5th Cir. 2016). "[F]or relief to be granted against a trust, the trust, through its trustee, must be made a party to the action." *Swoboda v. Ocwen Loan Servicing, LLC*, 2016 WL 11744965, at *3 (S.D. Tex. Sept. 19, 2016) (citation and emphasis omitted). The United States alleges that MacKinlay is the trustee for the Ruby Trust, and it has sued MacKinlay in his capacity as trustee of the Ruby Trust. *See* Compl. ¶ 6. In sum, the government's allegations are sufficient to state a claim for relief that is plausible on its face.

Accordingly, the Court should DENY MacKinlay's Motion to Dismiss under Rule 12(b)(6) and reserve the disposition of any contested fact issues for another, more appropriate procedural context.

### Recommendation

The Court should DENY MacKinlay's *pro se* Motion to Dismiss (ECF No. 10) under Rule 12(b)(6).

**SO ORDERED**.

July 26, 2023.

REBECCA RUTHERFORD
UNITED STATES MAGISTRATE JUDGE

---

[2] "An entity's capacity to be sued is determined 'by the law of the state where the court is located.'" *Lancaster v. Harris Cnty.*, 821 F. App'x 267, 271 (5th Cir. 2020) (quoting Fed. R. Civ. P. 17(b)(3)).

## INSTRUCTIONS FOR SERVICE AND
## NOTICE OF RIGHT TO APPEAL/OBJECT

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Svcs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).