IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| **UNITED STATES OF AMERICA,** § § | |
| Plaintiff, § § | |
| v. § § | Civil Action No. **3:23-CV-0006-L-BT** |
| **JOHN DEE STACY, EMMA MARIE STANLEY, ARTS INVESTMENTS, LLC, JAMES KENT MACKINLAY,** as trustee of **THE RUBY 2015 REVOCABLE LIVING TRUST, SHIRLEY FEY STACEY COMANS, DALLAS COUNTY, TEXAS,** and **MARICOPA COUNTY, ARIZONA**, § § § § § § § § § § § § | |
| Defendants. § | |

## ORDER

The Findings, Conclusions and Recommendation of the United States Magistrate Judge ("Report") (Doc. 65) was entered on July 26, 2023, recommending that the court deny Defendant James MacKinlay's ("Mr. MacKinlay" or "Defendant") pro se Motion to Dismiss ("Motion") (Doc. 10), filed on February 7, 2023. This case, brought by Plaintiff United States ("the Government"), alleges that Defendants operated to evade tax liabilities through, among other actions, the transfer of an Arizona property to the Ruby 2015 Revocable Living Trust ("Ruby Trust"). In the Complaint, the Government contends that Mr. MacKinlay is the trustee of the Ruby Trust, which it argues is a "sham trust which does nothing but assist [Defendant John Dee] Stacey in hiding the Arizona Property from the Internal Revenue Service." Doc. 1 at 15.

In the Motion, Mr. MacKinlay asks the court to: (1) dismiss him as a defendant in this action as the Government has failed to state a cause of action against him under Federal Rule of Civil Procedure 12(b)(6); or (2) convert his Motion into a motion for summary judgment and

consider his proffered evidence that he is no longer the trustee of the Ruby Trust, and thus should be dismissed. *See* Doc. 10. The United States urges the court to deny the Motion because it pleaded that Defendant was the trustee, not that he resigned, and thus consideration of whether he resigned is outside the pleadings. It argues that if the court considers the Motion as one for summary judgment, the court should allow the Government an opportunity to conduct discovery.

The Report recommends first that the court exclude Defendant's proffered evidence and other matters outside the pleadings and decline to convert the Motion to a motion for summary judgment. The Report determines that the Government should have an opportunity to conduct discovery to rebut summary judgment arguments, as the issue of whether Mr. MacKinlay is a trustee is a question of fact. The Report further recommends that the court deny the Motion because the Government has set forth sufficient allegations to state a claim for relief that is plausible on its face. The parties did not file objections to the Report, and the time to do has passed.

Having considered the Motion, Report, file, and record, the court determines that the magistrate judge's finding and conclusions in the Report are correct. The court declines to convert Defendant's Motion to summary judgment to permit the parties to conduct necessary discovery to address questions of fact. Further, the court agrees that the Government has set forth sufficient facts to show a plausible claim that Mr. McKinlay is the trustee of the Ruby Trust, sued in his capacity as the trustee. According, the court **accepts** the recommendations of the magistrate judge, and, as this is a determination of the Motion on its merits, the court **denies** the Motion.

**It is so ordered** this 16th day of August, 2023.

Sam A. Lindsay
United States District Judge

**Order – Page 2**