IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA,** | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Civil Action No. **3:23-CV-00006-L-BT** |
| | § | |
| **JOHN DEE STACEY,** *et al.*, | § | |
| | § | |
| Defendants. | § | |

# ORDER

Before the court are the United States' Motion for Show Cause Order to Determine whether Defendant John Dee Stacey Should Be Held in Contempt of Court, and Supporting Brief ("Motion") (Doc. 125), filed on November 22, 2024, and The Findings, Conclusions, and Recommendation of the United States Magistrate Judge Rebecca Rutherford ("Report") (Doc. 150), filed on January 10, 2025, recommending that the court find Defendant John Dee Stacey ("Defendant" or "Mr. Stacey") in civil contempt of court and order him to pay a $500 sanction to Receiver. For the reasons stated herein, the court **rejects** the Report and **denies as moot** the Government's Motion.

In the Motion, the Government contends that the court should hold Mr. Stacey in contempt of court for disregarding the magistrate judge's Order Granting Motion to Appoint Allie Beth Allman as Receiver for Dallas County Real Property ("Receiver Order") (Doc. 114). Doc. 125. It argues that on November 22, 2024, the Government's counsel was notified by Brenda Sandoz, the Receiver's assistant realtor, that Mr. Stacey had made threatening telephone calls and sent disturbing text messages. *Id.* at 3. In these telephone calls and text messages, Mr. Stacey demanded that the Receiver sell the Dallas County Property to Dyral Hargrove, Sr., the father of Dyral

Hargrove, Jr., the manager of the trailer park on the Dallas County Property. *Id.* Accordingly, the Government contends that because Mr. Stacey's "behavior reveals that he does not intend to voluntarily comply with the [c]ourt's Order by allowing the Receiver to sell the Dallas County Property unimpeded," the court should hold him in contempt. *Id.* at 6.

Magistrate Judge Rutherford determined the following:

> First, a court order—the August 16 Order—was in effect. Second, it required certain conduct by Mr. Stacey. Mr. Stacey was clearly prohibited from interfering in any way with the Property, the Receiver's efforts to sell the Property, or any prospective purchaser. Third, Mr. Stacey's conduct constitutes interference in violation of the court order.

Report 10.

She further determined that "Mr. Stacey's communications interfered with the Receiver's efforts to sell the Property, in that Ms. Sandoz incurred additional time and expense reviewing and responding to purported offers that never came to fruition." *Id.* As a result, the magistrate judge recommended that the court find that Mr. Stacey violated the Receiver Order and should be held in civil contempt for his violation. *Id.* at 12.

On January 17, 2025, the magistrate judge entered an order (Doc. 151) and directed the Government to file notice of the closing of the Dallas County Property. The Government filed United States' Notice of Closing of Sale of Dallas County Real Property, Disbursement of Funds, and Deposit Into Court Registry in Response to Order (Ecf No. 151) Entered 1/17/2025 (Doc. 152), which informed the court that Dallas County Property was sold and closed on January 14, 2025.

Civil contempt is appropriate to either bring a party into compliance with a court order or to compensate the complaining party for losses sustained due to failure to comply. *American Airlines, Inc. v. Allied Pilots Ass'n*, 228 F.3d 574, 578 (5th Cir. 2000). While there was a violation of the magistrate judge's order prior to the sale of the Dallas County Property, the property has

since been sold; thus the court determines that a contempt order would serve no purpose because there is no need to coerce a willing party. *Id.*

Accordingly, the court **rejects** the Report and **denies as moot** the Government's Motion.

**It is so ordered** this 28th day of January 2025.

                                            Sam A. Lindsay
                                        United States District Judge