IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA,** | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Civil Action No. **3:23-CV-00006-L-BT** |
| | § | |
| **JOHN DEE STACEY,** *et al.*, | § | |
| | § | |
| Defendants. | § | |

## MEMORANDUM OPINION AND ORDER

On February 25, 2025, the Findings, Conclusions and Recommendation of the United States Magistrate Judge ("Report") (Doc. 156) was entered, recommending that the court **grant** Plaintiff United States of America's (the "Government" or "Plaintiff") Motion for Summary Judgment (Doc. 107); **deny** Defendant Emma Stanley's ("Defendant" or "Ms. Stanley") Motion for Summary Judgment (Doc. 111); and **order** that the remaining net proceeds from the sale be awarded to the Government. Defendant Emma Marie Stanley filed Stanley's Objection to the Magistrate's February 25, 2025 Findings, Conclusions, and Recommendation on March 11, 2025 ("Objections") (Doc. 158).

After considering the Report, Complaint, Motions, Objections, record, and applicable law, the court determines that no genuine dispute exists regarding the Government's claims; **accepts** the Report as that of the court; **grants** Plaintiff's Motion for Summary Judgment (Doc. 107); **denies** Defendant's Motion for Summary Judgment (Doc. 111); **overrules** Defendant's objections (Doc. 158); and **orders** that the remaining net proceeds, plus any accrued interest from the sale of the Grand Prairie property, be awarded to the Government.

**Memorandum Opinion and Order – Page 1**

### I.  Factual and Procedural Background

On July 1, 2000, Ms. Stanley married John Stacey ("Mr. Stacey"), and the couple lived and established their domicile in Arizona. Doc. 112 at 5. In April 2004, Mr. Stacey formed ARTS Investments, LLC, an Arizona limited liability company ("ARTS"). *Id.* at 6. The following month, Mr. Stacey, through ARTS, acquired the Lake Shore Mobile Home Park in Grand Prairie, Texas (the "Grand Prairie property"). *Id.* The net proceeds from the sale are the basis for the cross-motions for summary judgment.

Defendant and Mr. Stacey were domiciled in Arizona from 2000 to at least January 9, 2007. *Id.* at 12. On January 9, 2007, Ms. Stanley and Mr. Stacey entered into divorce proceedings in the Circuit Court of Polk County, Florida. Doc. 109 at 104-107. On March 25, 2011, the divorce was finalized, and the divorce court retained jurisdiction over the division of assets. Doc. 107 at 5. As of June 22, 2023, Mr. Stacey owes Ms. Stanley "$103,224.68 in unpaid child support commencing from June 8, 2007, to the present day." Doc. 112 at 8.

On July 20, 2015, Ms. Stanley sued the Commissioner of the Internal Revenue Service ("IRS") and sought innocent spouse relief* from unpaid income tax and associated tax penalties pursuant to 26 U.S.C. §§ 66 and 6015. *Id.* at 9. On May 5, 2016, Ms. Stanley submitted a sworn IRS Form 8857. *Id.* In this sworn statement, Ms. Stanley did not disclose any assets. *Id.*; *see also* Doc. 108 at 8. The IRS agreed to give Ms. Stanley innocent spouse relief on $1.1 million in income tax deficiencies with the exception of $400. Doc. 108 at 8.

---

* Defendant sought "innocent spouse" under 26 U.S.C. §§ 66 and 6015. Section 66(c) provides relief where the spouse "establishes that he or she did not know of, and had no reason to know of, such item of community income." 26 U.S.C. § 66(c). On the other hand, Section 6015 provides relief for innocent spouses in the event the other spouse understated the taxes owed on a joint return.

**Memorandum Opinion and Order – Page 2**

The Government filed this action against Mr. Stacey to enforce tax liens on his properties (Doc. 1). On October 10, 2023, the court entered an Agreed Judgment in the Government's favor against Mr. Stacey, awarding the Government more than $3.7 million for tax years 1995, 1997-2003, and 2008. Doc. 96. Moreover, on November 27, 2024, the court approved the sale of the Grand Prairie property for $750,000. Doc. 127. On January 14, 2025, the sale closed, and half of the net proceeds was paid to the Government, and the other half was deposited in the registry of the court pending the resolution of the cross-motions for summary judgment. Doc. 151; *see also* Doc. 152.

## II.  The Report (Doc. 156)

Magistrate Judge Rebecca Rutherford determined that "Plaintiff is entitled to summary judgment because there is no genuine dispute that the duty of consistency estops [Ms. Stanley] from now claiming an interest in ARTS or the Grand Prairie property after claiming she had no assets on a sworn IRS Form 8857 filed in 2016." Report 8. The magistrate judge determined that "[t]he duty of consistency is a type of estoppel developed in tax cases, known as quasi-estoppel." *Id.* (quoting *Herrington v. C.I.R.,* 854 F.2d 755, 757 (5th Cir. 1988)). Under this duty, the Government has to prove "(1) a representation or report by the taxpayer; (2) on which the Commission has relied; and (3) an attempt by the taxpayer after the statute of limitations has run to change the previous representation or to characterize the situation in such a way as to harm the Commissioner." *Id.* (citations and internal quotation marks omitted). The magistrate judge concluded that the Government met its burden of proving the elements of the duty of consistency "beyond peradventure." *Id.* at 9. She first determined that "there is no genuine dispute that, in 2016, in support of her request for innocent spouse relief, [Ms. Stanley] represented on her sworn IRS Form 8857 that she had no assets." *Id.* (citations omitted).  The magistrate judge determined

**Memorandum Opinion and Order – Page 3**

that in the assets section of IRS Form 8857, Ms. Stanley listed no assets. *Id.* at 9-10 (citations omitted).

Second, Magistrate Judge Rutherford determined that there is no genuine dispute that "the Commissioner granted [Ms. Stanley's] request for innocent spouse relief based on her petition and supporting Form 8857 and relieved her of more than $1 million in tax debt." *Id.* 10 (citations omitted). Third, the magistrate judge found that there is no genuine dispute that Ms. Stanley "attempts to change her previous representation or recharacterize her situation in such a way as to harm the IRS—by asserting a fifty percent ownership interest in ARTS that entitles her to $303,141.15 from the sale of the Grand Prairie property." *Id.* at 10.

Magistrate Judge Rutherford rejected both of Ms. Stanley's contentions: first, that the duty of consistency should not prevent her claim to the remaining net proceeds, and second, that Plaintiff failed to meet its summary judgment burden as to the element of reliance. *Id.* As to the first argument, the magistrate held that it was inapposite because it is not material to the application of the duty of consistency why Ms. Stanley represented that she had no assets or, whether it was true. *Id.* at 11. Instead, the magistrate judge held that what matters is whether Ms. Stanley made a representation, which she held is undisputed. *Id.* As it relates to the second argument, Magistrate Judge Rutherford concluded that this argument fails as well because, contrary to Ms. Stanley's position, Plaintiff does not need to provide concrete evidence or documentation to meet its burden. *Id.* (citations omitted).

Further, the magistrate judge held that there are two types of relief pursuant to Section 66: traditional and equitable. *Id.* (citing *Wheeler v. Comm'r.,* 2021 WL 5834389, at *3 (T.C. 2021); 26 U.S.C. § 66). Under the analysis set forth by Section 66, the magistrate judge determined that the evidence establishes "that the IRS granted [Ms. Stanley] innocent spouse

**Memorandum Opinion and Order – Page 4**

relief and relieved her of more than $1 million in tax debt." *Id.* at 12. This relief was based on Ms. Stanley's representations that she was physically and mentally abused by her husband because she was left financially broke and because she had no interest in any property whatsoever. *Id.* at 13 (citations omitted). As a result, Magistrate Judge Rutherford determined that Plaintiff is entitled to summary judgment based on the application of the duty of consistency and recommends that the court award 100 percent of the net proceeds from the sale of the Grand Prairie property. *Id.* Further, the magistrate judge held that the court need not reach the parties' other arguments about which state law applies. *Id.*

Finally, Magistrate Judge Rutherford concluded that Ms. Stanley is not entitled to summary judgment on the grounds that "res judicata bars Plaintiff from challenging the 2024 Florida divorce court judgment awarding [Ms. Stanley] a one-half interest in ARTS and the Grand Prairie property." *Id.* at 13 (citations omitted). Res judicata requires that: "(1) the parties were identical in the two actions or the nonparty's interests were adequately represented . . . ; (2) the prior judgment was rendered by a court of competent jurisdiction; (3) there was a final judgment on the merits; and (4) the same cause of action was involved in both cases." *Id.* at 14 (citing *Eubanks v. F.D.I.C.*, 977 F.2d 166, 169-70 (5th Cir. 1992)). Applying these factors, the magistrate judge held that res judicata does not apply because Plaintiff was not a party to the Florida divorce case, and the United States interests were not adequately represented in that action. *Id.* at 14.

Further, Magistrate Judge Rutherford determined that Plaintiff's interests pertain solely to collecting federal tax debt owed by John Stacey, and he did not adequately represent Plaintiff's interest in the prior case. *Id.* at 14. Moreover, she found that Mr. Stacey "could not enforce Plaintiff's federal tax liens against ARTS or the Grand Prairie property," that he could not assert

**Memorandum Opinion and Order – Page 5**

that Ms. Stanley "would be estopped from claiming any interest in ARTS or the Grand Prairie property based on the duty of consistency with respect to representations in [her] sworn Form 8857 submitted in support of her request for innocence spouse relief." *Id.* As a result, the magistrate judge determined that the divorce court judgment does not entitle Ms. Stanley to a res judicata defense. *Id.* The court agrees with the magistrate judge's determination regarding res judicata.

Accordingly, Magistrate Judge Rutherford recommends that the court find that Plaintiff is entitled to summary judgment, **grant** Plaintiff's Motion for Summary Judgment, **deny** Ms. Stanley's Motion for Summary Judgment (Doc. 111), and **order** that the remaining net proceeds from the sale of the Grand Prairie property be awarded to Plaintiff.

### III. Ms. Stanley's Objections (Doc. 158)

In her Objections, Ms. Stanley requests that the court reconsider the magistrate judge's findings and grant her motion for summary judgment for several reasons.

As an initial matter in the Government's response, it contends that Defendant's Objections fail to comply with the Local Civil Rule 72.2(4), which requires an Appendix of exhibits to be filed with objections to a magistrate judge's recommendation on dispositive motions. Doc. 161 at 2.

### A. The magistrate judge correctly determined that Ms. Stanley represented that she had no assets.

First, Ms. Stanley argues that the magistrate judge misstates the record and inaccurately characterizes her innocent spouse document submissions. Doc. 158 at 3. Ms. Stanley argues that a review of Form 8857 and the supporting statements will show that she did not affirmatively state that she has no assets. *Id.* at 4 (citations omitted). Instead, Ms. Stanley contends that she

**Memorandum Opinion and Order – Page 6**

merely left the box in question blank, which is not a representation, only a lack of asset disclosure. *Id.* Ms. Stanley argues that Mr. Stacey has control over all the marital property and is known to engage in illegal activities, such as carrying firearms and using intimidation tactics. *Id.* (citations omitted) She contends that because of these factors, she did not disclose information regarding the assets, because she lacked knowledge and control over them. *Id.* Further, Ms. Stanley argues that the magistrate judge misapplied the duty of consistency because caselaw holds that an omission does not constitute a representation for purposes of the doctrine. *Id.* (citing *Ross v. C.I.R.,* 169 F.2d 483, 496 (1st Cir. 1948); *Louis Werner Saw Mil Co. v. Helvering,* 96 F.2d 539, 543 (D.C. Cir. 1938); *Manhattan Bldg. Co. v. C.I.R.,* 27 T.C. 1032, 1043 (1957)). Accordingly, Ms. Stanley contends that Magistrate Judge Rutherford misapplied the facts and the governing legal principles. *Id.* at 5.

In response to Defendant's first and eighth objections, Plaintiff contends that the magistrate judge did not misstate the record or inaccurately characterize Ms. Stanley's innocent spouse submissions. Doc. 161 at 2. It argues that, aside from the requirement for full disclosure in Form 8857 itself, there are other legal reasons that require a person seeking innocent spouse relief to fully disclose his or her assets. *Id.* at 3. The Government argues that in this case, Ms. Stanley sought and was granted innocent spouse relief. *Id.* The Government contends that there are two legal prerequisites for equitable relief: first, that Defendant submits to the IRS a request for relief on IRS Form 8857, and second, that the relief sought was based on good faith full disclosure of her assets. *Id.* Further, the Government argues that "Section 4.03(b) of Rev. Proc. 2013-34 provides that 'the Service will take into consideration a requesting spouse's current income and expenses and the requesting spouse's assets.'" *Id.* at 4. Moreover, the Government contends that Treasury Regulation § 301.6343-1(b)(4)(iii) "require[s] that the requesting spouse

**Memorandum Opinion and Order – Page 7**

'act in good faith' and 'failing to make full disclosure of assets' is an example of failing to act in good faith." *Id.*

Despite Defendant's contention that she did not affirmatively state that she had no assets, the record clearly reflects that she failed to list any assets on her sworn Form 8857. Doc. 109 at 195. Part IV of Form 8857 instructs the applicant to "Tell us about your assets. Your assets are your money and property. Property includes real estate, motor vehicles, stocks, bonds, and other property that you own." *Id.* Defendant left this section blank and did not list any assets. The duty of consistency does not require that an affirmative statement be elicited; instead, it only requires that the taxpayer make a representation. *Herrington,* 854 F.2d at 757. Moreover, the duty of consistency does not permit the taxpayer to benefit from his or her own prior error or omission. *See Janis v. Comm'r*, 87 T.C.M. (CCH) 1322 (T.C. 2004) (citation omitted). Because Ms. Stanley failed to disclose assets as required by her *sworn* Form 8857, the court determines that the magistrate judge's findings are correct. Accordingly, Defendant's objection is **overruled**.

   B. **The magistrate correctly considered the facts and circumstances as required by the Revenue Procedure and relevant case law.**

   Second, Ms. Stanley objects to the magistrate judge's analysis and contends that she improperly relies on outdated IRS guidance. Doc. 158 at 5 (citation omitted). She argues that the Revenue Procedure that the magistrate judge relied on has been superseded twice, first by Revenue Procedure 2003-34 and later by Revenue Procedure 2013-34, which was in effect when Ms. Stanley submitted her request for innocent spouse relief. *Id.* at 5 (citing Doc. 109). Ms. Stanley contends that Revenue Procedure 2013-34 places greater emphasis on abuse as a factor that can override or negate other considerations. *Id.* (citation omitted). She argues that "[t]he record, including an official police report establishes that [she] endured sustained emotional, financial, and severe physical abuse by her former spouse, who controlled the couple's finances

Memorandum Opinion and Order – Page 8

and signed joint tax returns without her knowledge." *Id.* at 6 (citations omitted). Further, Ms. Stanley contends that even if she incidentally benefited from the marital finances, Revenue Procedure 2013-34 makes it clear that abuse can override this factor. *Id.* (citation omitted). Moreover, Ms. Stanley argues that even if she disclosed the property interest on IRS Form 8857, the IRS would have still likely granted innocent spouse relief. *Id.* at 7. Accordingly, Ms. Stanley requests that the court correct the magistrate judge's error and apply the proper Revenue Procedure.

In response, Plaintiff argues that before citing Revenue Procedure 2000-15, the magistrate judge "relied on Section 66(c) and *Wheeler,* 2021 WL 5834389, at *3 for the same 'all facts and circumstances' consideration required by the IRS." *Id.* at 5 (citing Report at 11-12). In response to Defendant's contention that Revenue Procedure 2013-34 should control, the Government argues that Defendant "fares no better" because the facts and circumstances test used in Section 66 and Revenue Procedure 2000-15 is the same test used in Revenue Procedure 2013-34. *Id.* at 5. Further, the Government contends that "[w]hile Rev. Proc. 2013-34 did elevate the weight to be given to spousal abuse in certain situations, it still required consideration of other factors and full disclosure of Stanley's assets." *Id.* Finally, the Government argues that Defendant's objection is a red herring because the Report correctly noted that the IRS must consider all facts and circumstances, and the factors still include consideration of assets that Defendant was required to disclose. *Id.* at 6.

Revenue Procedure 2000-15 provides a list of seven factors to consider weighing in favor of relief, including, but not limited to: (1) whether the requesting spouse is separated or divorced from the non-requesting spouse, (2) whether the requesting spouse would suffer economic hardship, within the meaning of Section 4.02(1)(c) of this revenue procedure, if relief is not

**Memorandum Opinion and Order – Page 9**

granted, (3) whether the requesting spouse was abused by the non-requesting spouse, (4) whether the requesting spouse knew or had reason to know that the liability would not be paid or of the items giving rise to the deficiency, (5) whether the non-requesting spouse has a legal obligation pursuant to a divorce decree or agreement to pay the outstanding liability, (6) whether the requesting spouse significantly benefitted from the items giving rise to the deficiency, and (7) whether the liability for which relief is sought is solely attributable to the non-requesting spouse. Rev. Proc. 2000-15 (superseded by Rev. Proc. 2013-34). The superseding Revenue Procedure 2013-34 adds two factors for the court to consider weighing in favor of relief: (1) whether the requesting spouse has made a good faith effort to comply with the income tax laws, and (2) Whether the requesting spouse was in poor physical or mental health. Rev. Proc. 2013-34.

Defendant is correct that Revenue Procedure 2000-15 was superseded by Revenue Procedure 2013-34; however, the magistrate judge's citation was to Treasury Regulation § 1.66-4(b) (2003), which cited Revenue Procedure 2000-15. *See* Report 12. Section 1.66-4(b) states, in relevant part, that "Factors relevant to whether it would be inequitable to hold a requesting spouse liable, more specifically described under the applicable administrative procedure issued under section 66(c) (Revenue Procedure 2000–15 (2000–1 C.B. 447), or other applicable guidance published by the Secretary), are to be considered in making a determination." Treas. Reg. § 1.66-4(b) (2003). The magistrate judge relied on Section 166-4(b) in her analysis of equitable relief. Report 12. In this analysis, she discussed the factors listed in the previous paragraph. *Id*. While Section 1.66-4(b) cites Revenue Procedure 2000-15, it also provides for "other applicable guidance," which includes Revenue Procedure 2013-34. The court determines that the magistrate correctly determined that the IRS must consider all facts and circumstances in making its determination.  Accordingly, the objection is **overruled**.

**Memorandum Opinion and Order – Page 10**

C. **The magistrate judge correctly determined that the IRS considered the entirety of Ms. Stanley's petition in making its determination.**

Third, Ms. Stanley contends that the record fails to provide any evidence that shows that the Commissioner of the IRS relied on her Form 8857 submission when granting innocent spouse relief. Doc. 158 at 7. Ms. Stanley argues that the court should apply the factors set forth by the U.S. Tax Court precedent. *Id.* at 8 (citations omitted). She contends that the record is notably absent from documentation that details the specific facts or representations that the IRS relied on when it granted her innocent spouse relief. *Id.* Accordingly, Ms. Stanley argues that there is a genuine dispute as to what facts or documents the IRS relied upon to grant her innocent spouse relief.

Fourth, Ms. Stanley objects to the magistrate judge's finding that the IRS granted innocent spouse relief partially because she had no interest in ARTS, the Grand Prairie property, or any property. *Id.* (citing Doc. 156 at 13). Moreover, Ms. Stanley argues that the U.S. Tax Court has consistently granted innocent spouse relief when the significant benefit factor is neutral, and when there is no evidence that the requesting spouse financially benefited from the tax understatement, the likelihood of relief is enhanced. *Id.* at 9 (citations omitted). Ms. Stanley contends that due to Mr. Stacey's exclusive control over the finances, the failure to disclose assets would not be considered a determinative factor in the determination of whether to grant innocent spouse relief. *Id.* Moreover, Ms. Stanley contends that because of the absence of any evidence regarding the facts the IRS used in its analysis, the magistrate judge's findings are not valid, and the court should reevaluate her conclusions. *Id.* at 10.

The Government argues that "[d]espite [the Report] incorporating extensive citations to the all facts and circumstances . . . legally required of the IRS, Stanley implies that the IRS might have completely ignored her financial condition and granted her innocent spouse relief solely on

**Memorandum Opinion and Order – Page 11**

some other factor." *Id.* at 7 (citing Report 9-10).  Because the law required Ms. Stanley to make full disclosure of her assets, the Government contends that it was not required to provide additional evidence that the IRS expressly relied on her failure to disclose her assets on Form 8857. *Id.* Further, the Government argues that the IRS was legally required to consider and rely on all portions of the document, so additional evidence of what the IRS expressly relied on is not required. *Id.*

As Defendant correctly states, when determining whether to grant innocent spouse relief, there is no single factor that is dispositive. Doc. 158 at 7 (citation omitted). The IRS has the discretion to grant relief after considering "all of the facts and circumstances." 26 C.F.R. § 1.6015-4; *see also* Rev. Proc. 2013-34,  2013-43 I.R.B. 397. Because the IRS is required to consider the application in its entirety and use the factors mentioned above, it is implied that any representation Defendant made on her sworn Form 8857 was relied on by the IRS in making its determination. Accordingly, Ms. Stanley's third and fourth objections are **overruled**.

### D.  Magistrate Judge Rutherford correctly relied on *Herrington, Jones,* and *Holmes.*

Fifth, Ms. Stanley argues that Magistrate Judge Rutherford erroneously cites *Herrington* because it is materially distinguishable from this case. Doc. 158 at 10 (citing *Herrington,* 854 F.2d at 758)*.* Ms. Stanley argues that, unlike *Herrington*, her request for innocent spouse relief was not based on a mechanical or computational issue. Instead, she completed the IRS Form 8857 using the information available to her at the time. *Id.* 11. Moreover, she contends that the magistrate judge's reliance on *Herrington* rests on the "flawed assumption" that if Ms. Stanley had disclosed additional assets, the IRS might have denied her relief. *Id.* Finally, she contends that the presence of additional assets does not automatically preclude relief. *Id.*

**Memorandum Opinion and Order – Page 12**

Sixth, Ms. Stanley contends that the magistrate judge's reliance on *United States v. Jones,* 2011 WL 5166402, at *10 (N.D. Tex. Nov. 1, 2011), to support the application of the duty of consistency in this case is misplaced. *Id.* Ms. Stanley argues that *Jones* is distinguishable because in *Jones* the taxpayer timely requested a Collection Due Process hearing, which, by statute, suspended the IRS collection efforts and tolled the statute of limitations. *Id.* at 11-12 (citations omitted). Ms. Stanley contends that unlike in *Jones*, her request for innocent spouse relief did not trigger a statutory or regulatory provision that granted her automatic relief. *Id.* at 12. She argues that instead, the IRS was required to conduct a subjective evaluation of all facts, including her abuse. *Id.* (citations omitted). Moreover, Ms. Stanley contends that because this is unlike *Jones*, there was no automatic legal determination, and as a result, the IRS still had to weigh multiple factors and exercise its discretion in deciding whether to grant her relief. *Id.* As a result, Ms. Stanley requests the court reject the magistrate judge's analysis.

Seventh, Ms. Stanley contends that the magistrate judge's citation to "the unpublished case *U.S. v. Holmes* to support the duty of consistency in [Ms.] Stanley's case is misplaced." *Id.* at 13. Ms. Stanley argues that, like the previous objection, there is a distinct legal issue that is not applicable to this case. *Id.* She contends that her disclosure on the request for innocent spouse relief did not involve statutory tolling or any automatic legal consequences. *Id.* Instead, Ms. Stanley contends that her case centers on the subjective review by the IRS, which analyzes her specific circumstances. *Id.* She argues that these factors include factors such as abuse and control, which were not included in the *Holmes* case. *Id.* Further, Ms. Stanley argues that in this case, the issue is whether the IRS should grant relief based on a careful examination of her personal situation. *Id.* at 13-14.

**Memorandum Opinion and Order – Page 13**

In response to Defendant's fifth, sixth, and seventh objections, the Government contends that Magistrate Judge Rutherford relied on the *Herrington, Jones,* and *Holmes* decisions to support her analysis of the duty of consistency. Doc. 161 at 7 (citing Report 10-14). Further, the Government argues that the magistrate judge correctly cited *Herrington* for the elements of the duty of consistency and to explain how it works. *Id.* Moreover, the Government contends that the magistrate judge correctly used *Jones* "for the proposition that the duty of consistency has been applied in different situations and is not narrowly defined." *Id.* at 7. The Government argues that *Holmes* was appropriately used and "[m]ore importantly, *Holmes* cited the Supreme Court decision of *R.H. Stearns Co. v. United States*, 291 U.S. 54 (1934), which the Fifth Circuit noted is an object lesson in the fact that the doctrine is not limited to depreciation cases, etc., but concerns representations that have the effect of delaying collection." *Id.* at 8 (citing *Sterns,* 291 U.S. at 60). Further, the Government contends that the cases cited by the magistrate judge show that the elements of the duty of consistency are met in this case, and the court should not limit the use of these cases because the facts are not the same. *Id.*

The magistrate judge correctly relied on *Herrington* in stating the elements of the duty of consistency. *See* Report 8. Despite differing facts between *Herrington* and this case, this court is bound by Fifth Circuit precedent and has no authority to overturn it. *See F.D.I.C. v. Abraham*, 137 F.3d 264, 270 (5th Cir. 1998). Even if the facts in the case are not the same as this present case, the court must apply the law and analysis articulated by the Fifth Circuit and Supreme Court.

Further, the magistrate judge relied on *Jones* and *Holmes* to demonstrate that the duty of consistency is flexible and applicable in several situations. *See* Report 9. Defendant is correct; these cases are unpublished, and while "federal district judges, sitting as sole adjudicators, lack

**Memorandum Opinion and Order – Page 14**

authority to render precedential decisions binding other judges, even members of the same court," other district court decisions may be persuasive. *Am. Elec. Power Co., Inc. v. Connecticut*, 564 U.S. 410, 428 (2011). Moreover, unpublished opinions by the Fifth Circuit are not precedential, but their reasoning and analysis can be persuasive. *See Ballard v. Burton*, 444 F.3d 391, 401 n.7 (5th Cir. 2006). Accordingly, Ms. Stanley's objections are **overruled**.

### E. The magistrate judge correctly concluded that Defendant is estopped from claiming an interest in ARTS or the Grand Prairie property.

Eighth, Ms. Stanley objects to the magistrate judge's "erroneous legal conclusion" that the duty of consistency estops her from now claiming an interest in ARTS or the Grand Prairie property after claiming she did not have any assets. Doc. 158 at 14. Ms. Stanley contends that first, the magistrate judge assumes that she had the ability and legal certainty to assert an ownership interest in the asset at the time she filed the IRS Form 8857. *Id.* Ms. Stanley argues that requiring her to report an asset she has no control over is "akin to imposing an unreasonable expectation that a taxpayer must disclose property they have lost or cannot access." *Id.* Further, Ms. Stanley contends that the Government's lawsuit remains the only option by which she can gain access to the portion of the asset she rightfully owns. *Id.* The Second basis for her objection is that the IRS Form 8857 does not operate as a sworn declaration. *Id.* at 15. Instead, she argues that the form is designed to assess a taxpayer's eligibility for relief, not an exhaustive inventory of assets. *Id.* Ms. Stanley contends that, moreover, the Government has not demonstrated that the IRS relied on any alleged omission to its detriment. *Id.*

The third basis for her objection is that the tax court has consistently granted innocent spouse relief even when the requesting spouse retained the separate property. *Id.* She contends that the U.S. Tax Court precedent establishes that separate asset ownership does not automatically disqualify a taxpayer from innocent spouse relief, and as a result, no legitimate

**Memorandum Opinion and Order – Page 15**

basis exists to estop her from asserting her half-interest in the proceeds. *Id.* Finally, Ms. Stanley contends that the Government has failed to prove that she made an affirmative misrepresentation, and the magistrate judge's conclusion is based on a misapplication of the law. *Id.* at 15-16.

As the magistrate judge correctly determined and as the court has previously stated, Ms. Stanley did not list any assets on her Form 8857. Because she made this representation and now seeks to claim an interest in the property, the magistrate correctly concluded that the duty of consistency estops her from claiming an interest in ARTS or the Grand Prairie property. The magistrate judge did not misapply the duty of consistency. Accordingly, Defendant's objection is **overruled**.

F. **The magistrate judge correctly concluded that the "why" or truthfulness of Defendant's representation is not material to the application of the duty of consistency.**

Ninth, Ms. Stanley argues that the magistrate judge erred in concluding that the truthfulness of her prior representation is immaterial to the duty of consistency. Doc. 158 at 16. Ms. Stanley contends that the doctrine of consistency applies only when three elements are satisfied. *Id.* (citations omitted). Ms. Stanley argues that the magistrate judge failed to assess the truthfulness of her prior statement which undermines the second prong, reasonable reliance. *Id.* Ms. Stanley contends that there is no evidence to support the Government's assertion that there was a lack of asset disclosure. *Id.* at 17. Further, she argues that the IRS likely looked at the readily available information and records that were in the public domain, and without evidence of what the IRS reviewed, reasonable reliance cannot be met. *Id.* As a result, Ms. Stanley contends that these facts directly contradict the magistrate judge's conclusion and demonstrate that the duty of consistency has not been satisfied and urges the court to reject the magistrate judge's conclusions. *Id.*

**Memorandum Opinion and Order – Page 16**

In response, the Government argues that Ms. Stanley's objection is an attempt to impose an affirmative burden on the IRS to investigate her truthfulness about her lack of assets. Doc. 161 at 9. The Government contends that the cases Defendant cites do not establish an affirmative duty to open an investigation into the truthfulness of Defendant's representation on forms submitted to the IRS. *Id.* It argues that *Lewis* "merely states the rule that reasonable reliance does not exist if the IRS knew or ought to have known, but it does not explain whether this requires an affirmative investigation into the truthfulness of a document filed by the taxpayer with the IRS." *Id.* (citing *Lewis v. C.l.R.*, 18 F.3d 20, 26 (1st Cir. 1994)). Finally, it contends that Ms. Stanley offers no evidence that the "IRS had possession of information from which it knew, or should have known, she had an interest in ARTS or the Grand Prairie property." *Id.* at 10.

Defendant's contentions are incorrect. The magistrate judge did not conclude "that the truthfulness of Defendant's prior representation [was] immaterial." Doc 158 at 16. Instead, Magistrate Judge Rutherford concluded that "[i]t is not material to the application of the duty of consistency *why* [Ms. Stanley] represented to the IRS that she had no assets *or whether that representation was true*." Report 11 (emphasis added). This conclusion is correct; for the Government to meet its burden in proving the first element of the duty of consistency, it does not need to prove why Ms. Stanley represented that she had no assets; it only needs to prove that she made a representation. Accordingly, Defendant's objection is **overruled**.

G. **The magistrate correctly declined to address Defendant's arguments about which state law applies.**

Finally, Ms. Stanley contends that the magistrate judge's failure to address the application of community property state law and the characterization of her marital property interest in ARTS are fundamental to resolving the case. *Id.* at 18. Ms. Stanley argues that Arizona community property law governs the division and characterization of property acquired

**Memorandum Opinion and Order – Page 17**

during the marriage, and the magistrate judge's failure to address these arguments is erroneous, and she requests that the court review these issues *de novo*.

The Government contends that because the magistrate judge's finding that the duty of consistency applies to estop Defendant from claiming an interest in ARTS and the Grand Prairie property was outcome determinative, there was no need to reach the question of which state law applies. Doc. 161 at 10. The court agrees. Because the duty of consistency estops Ms. Stanley from claiming an interest in ARTS or the Grand Prairie property, the court need not determine which state law applies. Accordingly, Defendant's objection is **overruled**.

IV. **Defendant's Motion for Summary Judgment (Doc. 111)**

In her Motion for Summary Judgment, Ms. Stanley argues (1) that because the Grand Prairie property was acquired during her marriage to Mr. Stacey, it is subject to Arizona's community property law; (2) because ARTS's operating agreement does not provide for asset division, the Arizona Limited Liability Company Act entitles her to distributions according to the LLC's members' ownership interests in the LLC; and (3) that the 2024 Florida divorce court judgment recognizing her fifty percent ownership interest in ARTS precludes Plaintiff from contesting her entitlement to those proceeds under principles of res judicata. *See generally* Doc. 111. For the reasons stated in the Report and in this Memorandum Opinion and Order, the court **denies** Defendant's Motion for Summary Judgment. The court has determined no genuine dispute of material fact exists regarding the Government's claims, and it is entitled to judgment as a matter of law. As such, granting Defendant's Motion for Summary Judgment would be inconsistent with the determinations previously made by the court regarding the Government's Summary Judgment Motion.

**Memorandum Opinion and Order – Page 18**

## V.  Conclusion

Having considered the Report, Motions, Objections, pleadings, file, and record in this case, and having conducted a de novo review of the portion of the Report to which Defendant objected, the court determines that the magistrate judge's findings and conclusions are correct, and **accepts** them as those of the court. Accordingly, the court **grants** Plaintiff's Motion for Summary Judgment (Doc. 107); **denies** Defendant's Motion for Summary Judgment (Doc. 111); **overrules** Defendant's objections (Doc. 158); and **orders** that the remaining net proceeds that are in the court's registry, plus all accrued interest, be awarded to the United States of America (the "Government"). Further, the court **directs** the clerk of court to take the necessary steps to ensure that the Government receives these proceeds as ordered.

**It is so ordered** this 31st day of March, 2025.

Sam A. Lindsay
United States District Judge

**Memorandum Opinion and Order – Page 19**